**No. 61445.**—Dorf International, Ltd. v. United States, protest 258035–K (New York).

FORD, Judge: By the suit listed above, plaintiff challenges the action of the collector of customs in classifying certain imported merchandise as "Household utensils n. s. p. f., c. v. copper, whether or not containing electrical heating ele-

ments as constituent parts," and levying duty thereon at the rate of 20 per centum ad valorem under paragraph 339 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T. D. 51802. Plaintiff claims said merchandise to be properly dutiable at the rate of 13¾ per centum ad valorem as articles with essential electrical elements, at 15 per centum ad valorem as articles suitable for modifying, etc., electricity, at 17 per centum as blowers or fans under paragraph 353 of the Tariff Act of 1930, as modified, *supra*. Claim is also made that said merchandise is properly dutiable at 13¾ per centum ad valorem under paragraph 372 of said act as modified, *supra*. By proper motion, the above claims are amended as follows:

* * * by changing the claimed protest rate of "17%" under Paragraph 353 for blowers and fans to read "17½".

Also by adding the further claim that the protested merchandise is dutiable at 12½% under paragraph 353, Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, T. D. 52739.

At the trial of the case, a sample of the imported merchandise was admitted in evidence and marked exhibit 1. Two witnesses also testified on behalf of the plaintiff. In view of the conclusion we have reached on the present record, it is not necessary for us to set out and discuss in detail all the testimony given by the two witnesses.

At the beginning of the trial, counsel for the plaintiff made the following statement:

* * * This merchandise was classified as a household utensil under Paragraph 339 of the Tariff Act of 1930 and we claim that it should be classified under Paragraph 353 because we say that in 1930 and prior thereto, this article was not primarily used in the household; that it was used as a professional tool; therefore, it should not be classified now as a household utensil.

The principle that the collector's classification carries with it a presumption that he found all the facts necessary to support his decision is so well settled that it requires no citation of authorities to support it here. Therefore, the collector's classification of this merchandise as a household utensil carries with it a presumption that he found that the subject merchandise was chiefly used in the household at and immediately prior to June 17, 1930. The first burden of the plaintiff in this case was to show that this classification was erroneous. We shall, therefore, at this time confine our consideration of this case to the evidence offered in an effort to show that the collector's classification was in error. On this phase of the case, plaintiff's first witness testified substantially as follows:

X Q. And, during that period between '25 and June 17, 1930, was your sole experience with it the attempts to merchandise articles such as Exhibit 1?—A. It wasn't exactly to this one item. When I sold equipment, I tried to sell all kind of equipment, including permanent waving machines; you know, equipment, chairs, tables.

X Q. But taking other equipment along with equipment similar to Exhibit 1, your sales activities between 1925 and June 17, 1930 were confined to the Boro of Manhattan and did not go outside of barber shops and beauty parlors, isn't that correct?

&ast;          &ast;          &ast;          &ast;          &ast;          &ast;          &ast;

A. I didn't limit it. You asked me what part I personally. I personally went to Manhattan but if I had to go to the Bronx or Queens or anywhere, I always went but personally, my territory was Manhattan but I wasn't restricted to one territory.

X Q. In any case, your activities were confined solely to the five boroughs and no place else?—A. That's right and Jersey.

X Q. And, your calls were limited to barber shops and beauty parlors, is that correct?—A. That's right, yes.

\*     \*     \*     \*     \*     \*     \*

By JUDGE LAWRENCE:

Q. Mr. O'Neill, this commodity, the subject merchandise here was classified as a household utensil?—A. That's right.

\*     \*     \*     \*     \*     \*     \*

Q. So that the classification of the collector carries with it the presumption that it is chiefly so used?—A. That's right.

Plaintiff's second witness was interrogated and answered as follows:

JUDGE LAWRENCE: \* \* \* Mr. Witness, were your transactions in merchandise like Exhibit 1 confined to the Metropolitan district of New York?

THE WITNESS: Of these dryers, yes, sir. I did ship some away from New York City but not to any great extent.

JUDGE LAWRENCE: How far?

THE WITNESS: Florida, Pennsylvania, Connecticut, Massachusetts.

JUDGE LAWRENCE: And, did buyers come to you from those parts of the United States to purchase these articles?

THE WITNESS: We sell extensively to beauty supply houses.

JUDGE LAWRENCE: You said you sold these as far as Florida and the other states. Did the purchasers come to you from those localities to buy?

THE WITNESS: They didn't come in person, sir. They sent in orders.

JUDGE LAWRENCE: It was done by correspondence mainly outside of the Metropolitan district?

THE WITNESS: That's right, sir.

The testimony set out above regarding the use and chief use of the subject merchandise falls so far short of establishing that the collector was in error in classifying this merchandise as being chiefly used in the household at and immediately prior to June 17, 1930, as to require no further comment or discussion by the court. All claims in the protest are overruled. Judgment will be rendered accordingly.